IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEEDRA PRINCE, | § | |
| | § | |
| Plaintiff Below, | § | No. 559, 2019 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below – Superior Court |
| | § | of the State of Delaware |
| SYNOSKI REAL ESTATE | § | |
| MANAGEMENT, LLC and | § | |
| FERRITTO, LLC, | § | C.A. No.: K18C-02-005 |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: August 5, 2020
Decided: September 4, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## <u>**ORDER**</u>

After careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    On June 25, 2016, Appellant Deedra Prince allegedly suffered injuries when she stepped through a wooden board on the back porch of a townhome that she rented.  Prince filed a personal injury action against Appellees Ferritto LLC, her landlord, and Synoski Real Estate Management, LLC, her property manager.  After trial, on November 14, 2019, the jury returned a verdict in favor of Appellees,

finding that neither negligently caused Prince's injuries. On December 2, 2019, Prince filed a timely notice of appeal contesting the jury's verdict.

(2)     On appeal, Prince argues that the Superior Court erred in two ways. First, Prince argues that the Superior Court issued an erroneous jury instruction as to negligence *per se* that undermined the jury's ability to reach a just verdict.[1] Second, Prince argues that the court abused its discretion by denying Prince's for-cause challenge of a prospective juror who substitute teaches at the same school where a principal of Synoski Real Estate Management, LLC works.[2] Having reviewed the parties' briefs and the record on appeal, this Court holds that neither of Prince's claims is meritorious and affirms the jury's verdict in favor of Appellees.

(3)     Prince first argues that the court erroneously instructed the jury as to negligence *per se* by indicating that Prince, as a tenant of a residential lease, could violate the Kent County Building Code by failing to maintain the porch at her residence. She also argues that the court's faulty negligence *per se* jury instruction "undermined the jury's ability to intelligently perform its duty because it incorrectly shifted the focus of the alleged building code violation upon the Plaintiff causing confusion regarding the negligence determination . . . ."[3] Therefore, Prince argues

---

[1] Opening Br. 2.
[2] *Id.*
[3] *Id.* at 8-16.

that she was prejudiced and that this Court should reverse the jury's verdict and remand for a new trial.[4]

(4) In an amendment to her complaint, Prince alleged that Defendants were negligent *per se* for failing to maintain her porch in accordance with the Kent County Code and proximately causing her injury. Upon argument from Defendants, the court held that "Title 25 of State law, the Kent County Code, and the lease agreement, are all consistent with applying [Kent County Code Section 143-13] both to the landlord and to the tenant."[5] Therefore, instead of instructing the jury that "Plaintiff Deedra Prince charges [Defendants with violating the Kent County Code]" the Superior Court instructed the jury that the parties charged each other with negligence *per se* for violating the Kent County Code.[6]

(5) "A party is not entitled to a particular jury instruction but does have the unqualified right to have the jury instructed on a correct statement of the substance of the law."[7] And "while 'some inaccuracies and inaptness in statement are to be expected in any charge,' this Court will reverse if the alleged deficiency in the jury

---

[4] *Id.*
[5] Appendix to the Opening Br. 121-22 (hereafter "A_").
[6] A123.
[7] *Bullock v. State*, 775 A.2d 1043, 1047 (Del. 2001) (quoting *Flamer v. State*, 490 A.2d 104, 128 (Del. 1983)).

instructions 'undermined . . . the jury's ability to intelligently perform its duty in returning a verdict.'"[8]

(6)     Here, even assuming—without deciding—that the Superior Court's jury instruction incorrectly stated that both Prince and Appellees could be negligent *per se*, this Court holds that the form of the jury's verdict renders the court's instruction harmless error.  The jury verdict sheet in this case is structured as a series of questions.[9]  Questions (1) and (2) identify both of the Appellees and ask if they were "negligent in any manner that proximately caused Deedra Prince's injury?"[10] The verdict sheet has two boxes under each question, one captioned "Yes" and the other "No."[11]  The verdict sheet then says, "If you answered both question 1 and 2 as No, then **Stop** and summon the bailiff.  If you answered 1 or 2 as Yes, then continue to the next question."[12]  Below that instruction, question (3) asks, "Did you find that Deedra Prince was negligent in any manner that proximately caused injury to herself?"[13]

(7)     The jury checked the box captioned "No" for both questions (1) and (2), signaling that they did not find either of the Appellees were negligent.[14]  As both

---

[8] *Id.*
[9] A50.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*

4

of the first two questions were answered in the negative, the rest of the verdict sheet was left blank per the instructions. The jury never answered the third question of whether Prince "was negligent in any manner" because they decided the threshold issue of whether Appellees were negligent in Appellees' favor. Thus, the court's instruction as to Prince's purported negligence was largely irrelevant because the jury resolved the case without addressing whether Prince was negligent *per se*. Put yet another way, because the jury held that Appellees were not negligent at all, the jury's thoughts or conclusions about Prince's negligence have no impact on the verdict.[15] For this reason, the court's jury instruction, if erroneous was harmless.

(8) Next, Prince argues that the trial court abused its discretion by denying Prince's for-cause challenge of Debora Bates, prospective Juror #5, because Bates worked as a substitute teacher at the same school as Karin Synoski, a principal of Appellee Synoski Real Estate Management, LLC.[16] During jury selection, Bates told the court that she is a regular substitute teacher at Dover High School, the same school where Synoski works as a full-time teacher.[17] Bates stated that she had never

---

[15] Still, Prince argues that the jury was confused by the court's instructions and points out that the jury sent a note during deliberations requesting clarification from the court. Opening Br. 16. Prince's assertion is wholly speculative. Requesting clarification about the calculation of damages could just as easily signal that the jury was thorough and that it analyzed the issues seriously before reaching its decision.

[16] Opening Br. 17-20.

[17] A55.

talked with Synoski, had never worked with her, and had no contact with her at all.[18]

When asked by the court, Bates was emphatic that she could be fair and impartial if she were placed on the jury.[19]

(9)     Prince's counsel made a for-cause challenge to strike Bates as a prospective juror, arguing that Bates and Synoski could eventually come face-to-face after trial while working and that the possibility of confrontation could color Bates's decision-making.[20]  The judge overruled Prince's challenge, and Bates was seated as Juror #5.[21]  Before the jury was empaneled, Prince renewed her request that Bates be dismissed for cause.[22]  The judge denied Prince's application for reargument.[23]

(10)    "The determination of a juror's impartiality is the responsibility of the trial judge who has an opportunity to question the juror, observe the juror's demeanor, and evaluate the juror's ability to render a fair verdict."[24]  This Court will not overturn a trial court's decision to dismiss a juror following *voir dire* absent "a demonstration of 'prejudicial abuse' of discretion."[25]

---

[18] A56.
[19] A57.
[20] *Id.*
[21] A58.
[22] A61.
[23] A63.
[24] *Dickens v. State*, 2010 WL 2889501, at *4 (Del. July 23, 2010).
[25] *Id.* (citing *Skinner v. State*, 575 A.2d 1108, 1120 (Del. 1990)).

(11) Here, the court did not err when it denied Prince's request to strike Bates as a juror for cause. Bates stated to the court that she had never had any contact with Synoski and that she could be an impartial juror. The judge's assessment of Bates and her representations is entitled to deference on appeal.[26] Thus, the court acted within its discretion when it allowed Bates to serve as Juror #5.

(12) For the reasons discussed above, this Court holds that, even if erroneous, the Superior Court's jury instruction did not affect the jury's determination, and the court did not abuse its discretion in denying Prince's for cause challenge to Juror #5.

NOW, THEREFORE IT IS ORDERED that the Superior Court jury's November 14, 2019 verdict is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[26] *See Schwan v. State*, 65 A.3d 582, 589-90 (Del. 2013) ("If the juror affirmatively answers that she or he can reach a verdict impartially, the trial judge's acceptance of that answer is afforded deference on appeal . . . .").